UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| NATHANIEL PORTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-562 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| PATRICIA L. CARUSO, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. The Court has conducted an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon initial review, the Court concludes that the Complaint is not frivolous and states at least one cognizable claim. However, under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies as to eleven of the Defendants, the Court will dismiss his Complaint without prejudice against these eleven Defendants. The Court has determined that

Plaintiff has exhausted his administrative remedies as to the remaining four Defendants, and the Complaint will be served on these Defendants.

## Discussion

### I.  Factual allegations

Plaintiff complains of events that occurred while he was housed at the Carson City Correctional Facility (DRF), the G. Robert Cotton Correctional Facility (JCF), and the Lakeland Correctional Facility (LCF).  Shortly before filing his complaint, he was transferred to the Thumb Correctional Facility.  In his *pro se* Complaint, he sues fifteen employees of the Michigan Department of Corrections ("MDOC").

On April 7, 1994, while housed at the Saginaw Correctional Facility, for religious reasons Plaintiff changed his name pursuant to MICH. COMP. LAWS § 711.1, which at the time permitted a name change based upon a notarized affidavit.  By this procedure, his legal name became N. Kalonji Owusu, I.  Section 711.1 was amended in 1998 to require a name change only by court order.  The MDOC responded with Policy Directive 03.01.110, which provides that name changes accomplished by notarized affidavit shall be recognized in the same manner as a court ordered name changed.  However, throughout the prisoner's incarceration and parole, the commitment name shall be used on all official Department documents that effect sentence.  At a prisoner's expense, the prisoner will be provided a new identification card including both the commitment name and the legal name.  Employees are to be notified of the name change, and are then to refer to the prisoner by the new legal name.  Prisoners shall not be forced to refer to themselves by their commitment name. Commitment names and legal names are to be cross- referenced at the information desk and mail room, and all computerized records are to be cross-referenced to the extent possible.

Plaintiff was transferred to the DRF in May 2000. Legal and commitment names were not being cross-referenced at the information desk, which forced Plaintiff to use his commitment name to receive visitors. Passes for movement within the prison were printed out in Plaintiff's commitment name only, and Plaintiff was forced to use his commitment name in order to receive a pass.

On October 18, 2002, Plaintiff was transferred to the JCF, where legal names were recognized only for receiving mail. Plaintiff wrote the JCF Assistant Deputy Warden, Defendant John Z. Ocwieja, regarding the failure to cross-reference legal and commitment names. Defendant Ocwieja informed Plaintiff that the computer system was tied to the commitment name and could not be changed. On January 8, 2003, Defendant Bruce Curtis announced that despite the cross-referencing language, Policy Directive 03.01.110 would be interpreted as a strict policy of committed name only. On the same day, staff removed Plaintiff's name card, showing his legal and commitment name, from his door. A name card using only his commitment name was substituted. Defendant Karen Bozung, a JCF officer, refused to recognize Plaintiff's legal name in any context. On one occasion, when Plaintiff reminded Defendant Bozung of his legal name, Defendant Bozung informed Plaintiff that if he continued to insist that she use his legal name she would move him to an "observation cubicle," which, five days later, she did. On January 24, 2003, Plaintiff was denied store privileges for placing his legal name on his order. On February 3, 2003, his second store order, including metered envelopes, was rejected for the same reason. In June 2003, the MDOC revised its policy so that prisoners could purchase metered envelopes only by ordering under their committed name.

Plaintiff was transferred to Lakeland Correctional Facility (LCF) on August 18, 2003. Until November 19, 2004, Plaintiff was allowed to order metered envelopes using his legal name. Thereafter, his orders for metered envelopes were rejected for using his legal name.

At all relevant times, Plaintiff has been an adherent of an ancient Egyptian religion known as Kemetic Spiritual Science. The dietary laws of the religion are comparable to those observed in the Jewish faith. On September 20, 2004, Plaintiff requested to be provided kosher meals, and on September 27, the chaplain administered the test for placement on the kosher menu. Although the chaplain wrote that Plaintiff showed a good knowledge of the kosher diet, Plaintiff's request was denied by Defendant Dave Burnett, the Special Activities Coordinator, for the reason that Plaintiff had not documented that Kemetic Spiritual Science required a kosher diet.

Plaintiff grieved each incident where he was forced to use his committed name and the rejection of his request to be placed on the kosher menu. Plaintiff claims that the Defendants and the Michigan Department of Corrections' policies unduly burden his right to the free exercise of his religion. He seeks a declaratory judgment, a temporary injunction, and punitive damages.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies with regard to eleven Defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*.

*Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Plaintiff filed grievances concerning each of the issues he raises in his lawsuit. However, a prisoner must also "administratively exhaust his . . . claim as to each defendant associated with the claim." *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process." *Burton*, 321 F.3d at 574.

A review of the grievances Plaintiff has submitted shows that in many of his grievances, he failed to name a specific individual, and he has named only Defendants Burnett, Ocwieja, Parsons, Bozung, and Morris at Step I of various grievances. Plaintiff appealed his grievances against Defendants Burnett, Parsons, Bozung, and Morris through Step III. Plaintiff alleges that his grievance against Defendant Ocwieja was rejected at Step I as raising a non-grievable issue. However, the rejection of a grievance may be appealed. MDOC's Policy Directive

03.02.130, ¶ H (effective 4/28/03). *See Little v. Bahr*, No. 99-1660, 2000 WL 921978, at *1 (6th Cir. June 30, 2000) (holding that a rejection of a grievance is itself a response that must be appealed). Thus, Plaintiff did not exhaust his administrative remedies as to Defendants Ocwieja, Caruso, Powell, Curtis, Skutt, Morgan, Jones, Rosendale, Hose, Schmeltz and Bain. Plaintiff has exhausted as to Defendants Burnett, Parsons, Bozung, and Morris only.

Because Plaintiff's action contains both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. The Sixth Circuit recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805. The Court has reviewed the *Jones Bey* decision and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law. It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court en banc consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)).

In this case, the prior decision is *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *Hartsfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed without prejudice and exhausted claims should be allowed to proceed and be determined on the merits. Upon review of the cases, the Court finds that *Hartsfield* did address this issue and allowed for partial exhaustion, albeit not in as direct language as the *Jones Bey* panel. However, the intention of the *Hartsfield* panel to allow for partial exhaustion is clear. Additionally, following *Hartsfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits).

Since the *Jones Bey* decision, other cases have been decided which illustrate the error of the *Jones Bey* decision on policy grounds. *See Ortiz v. McBride*, 380 F.3d 649, 657-63 (2nd Cir. 2004) (finding that it is appropriate to proceed with exhausted claims but dismiss unexhausted claims in prisoner civil rights actions ); *see also Leascock v. City of New York*, 2005 WL 323723 at *3 (S.D.N.Y. Feb. 10, 2005) (unpublished) (considering *Ortiz* and companion cases); *Boyd v. Pugh*, No. Civ. 3:CV-04-1761, 2005 WL 1430087 at *2 (M.D. Pa. June 17, 2005) (declining to follow the "total exhaustion" rule); *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577 (W.D. Wash. May 19, 2005) (addressing the split of district courts within the Ninth Circuit and declining to apply a total exhaustion rule).

Therefore, this Court will follow the precedent set by *Hartsfield* until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to a prisoner civil rights actions.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See*

Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield*, 199 F.3d at 309 (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.* Accordingly, the Court must dismiss the complaint against the following eleven unexhausted Defendants: Defendants Patricia Caruso, Michael Powell, Bruce Curtis, Debra Skutt, Ralph Morgan, Unknown Hose, Kurt Jones, Victor Rosendale, John Ocwieja, Brenda Schmeltz, and Robert Bain.

III. <u>Complaint against remaining four Defendants</u>

Upon initial review, the Court concludes that Plaintiff's allegations against Dave Burnett, Randy Parsons, Karen Bozung, and M. Morris are not frivolous and state at least one cognizable claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss this action without prejudice against Defendants Caruso, Powell, Curtis, Skutt, Morgan, Hose, Schmeltz, Jones, Rosendale, Ocwieja, and Bain because Plaintiff has failed to

exhaust his claims against these Defendants. The Court will order service of the complaint on Defendants Burnett, Parsons, Bozung and Morris.

A Partial Judgment and Order consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 20, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |