UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

NATHANIEL PORTER,
a/k/a N. Kalonji Owusu, I,

Plaintiff,

v.

PATRICIA L. CARUSO, *et al.*,

Defendants.
_____/

Case No. 1:05-CV-562

Hon. Richard Alan Enslen

**ORDER**

    Plaintiff N. Kalonji Owusu, I, formerly known as Nathaniel Porter, has moved to amend or correct the Court's Partial Judgment of October 20, 2005. Plaintiff has also moved the Court to amend the caption (to omit his former name). Oral argument is unnecessary as to either Motion.

    Plaintiff's Motion to Amend is made pursuant to Federal Rule of Civil Procedure 52(b), which Rule deals with written "findings of fact." The Rule does not apply since no such findings were rendered. However, the Court does construe the Motion liberally and so construes the Motion seeks relief under Western District of Michigan Local Civil Rule 7.4, and Federal Rules of Civil Procedure 59(e) and 60(b). So construed, however, the Court does not find that relief is warranted. Plaintiff's main argument is that exhaustion of administrative remedies is not required when the state's administrative remedies are unavailable. Plaintiff argues that administrative remedies were unavailable as to the dismissed claims because those claims, at least in part, concerned a matter of prison policy (which by administrative rule may not be grieved). While this argument is true to the language of 42 U.S.C. § 1997(e)(a) requiring only the exhaustion of "available" remedies, the argument belies the allegations of the Complaint. Plaintiff's Complaint, though it does seek to

overturn certain Michigan Department of Corrections ("MDOC") policy directives, is aimed at the application of those policy directives by MDOC employees regarding specific acts on specific occasions in alleged violation of the First Amendment.  Given this, and given that MDOC Policy permits a prisoner to appeal a rejected grievance, the Court believes that requiring Plaintiff to exhaust administrative remedies as to the dismissed Defendants and claims is most in keeping with the terms of 42 U.S.C. § 1997(e)(a) and Congressional policy favoring administrative exhaustion.

Plaintiff's second Motion asks that the Complaint caption be reformed, referring to the caption on various Court Orders which use Plaintiff's former name.  This was not done out of disrespect for Plaintiff's religious name.  The docket, from which orders receive their caption, is prepared by clerks in the Court's Clerk's Office, who work under the directives of Rule 5.02 of the Guide to Judiciary Policies and Procedures.  The clerks take docket information from the prisoner mailing envelope (including the prisoner number), which are then used, in conjunction with the MDOC's prisoner database to ensure delivery of court documents to prisoner plaintiffs.  The "Nathaniel Porter" name was used simply to facilitate delivery to Plaintiff.  The use of such name (and the form of the caption) should continue, particularly since Plaintiff has alleged that Defendants' policies and practices sometimes do not recognize names of inmates other than those used in connection with their incarceration offenses.  Whether Plaintiff obtains relief from those policies and practices will be decided in the course of the suit.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff N. Kalonji Owusu, I's Motion to Amend (Dkt. No. 9) and *Ex Parte* Motion to Restore Legal Name to Caption (Dkt. No. 8) are **DENIED**.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
November 28, 2005  Richard Alan Enslen
  Senior United States District Judge