UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHANIEL PORTER,

        Plaintiff,

Case No. 1:05-CV-562

v.

Hon. Richard Alan Enslen

PATRICIA CARUSO, *et al.*,

**ORDER**

        Defendants.

_____/

        Defendants David J. Burnett, Karen Bozung and M. Morris have objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of April 13, 2006, which denied their Motion to Dismiss. The subject of the Objection is a routine legal matter which does not require oral argument. *See* W.D. Mich. L. Civ. R. 7.2(d), 72.3(b).

        Defendants' Objection is premised on the recent decision of the Sixth Circuit Court of Appeals in *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. Mar. 13, 2006), which stated, like the Sixth Circuit's earlier decision in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that at least some panels of the Sixth Circuit employ a total exhaustion rule and require compliance with the rule by district courts. While this is agreed, the Sixth Circuit has definitely not resolved this question for two reasons. First, the Sixth Circuit has not resolved the question by an *en banc* decision and until it does, it may be argued to good force that both the *Rinard* and *Jones Bey* decisions are void because they contradict the first and binding decision of the Circuit in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999)–even though such later panels do not agree with that contention. Second, while the *Rinard* panel was requiring consistency with *Jones Bey* and not *Hartsfield*, it was oblivious to the

United States Supreme Court's decisions in *Jones v. Bock*, No. 05-7058, 126 S. Ct. 1462 (U.S. Mar. 6, 2006) and *Williams v. Overton,* No. 05-7142, 126 S. Ct. 1463 (U.S. Mar. 6, 2006) which granted certiorari to consider the Sixth Circuit's total exhaustion rule. The grant of certiorari indicates the agreement of at least four justices of the Supreme Court that the Sixth Circuit's exercise of the "total exhaustion" rule, contrary to the recent practice of other circuits, should be carefully reviewed. Further, the fact that the Supreme Court chose to review cases from the Sixth Circuit, as opposed to cases from the multiple circuits exercising the contrary rule, indicates that relief may be specifically directed as to the Sixth Circuit's exercise of the "total exhaustion" rule. If the Circuit's own experience as to the *Booker* and *Apprendi* issues is any guide, then the district courts must be careful to decide cases in a manner to afford substantial justice in light of the pending Supreme Court challenges and not delay the adjudication of legitimate causes or otherwise interfere with the Supreme Court's exercise of its jurisdiction. In other words, the exercise of the "partial exhaustion" rule while the Supreme Court decides this issue is, as a prudential matter, the best method for protecting the Supreme Court's jurisdiction over these cases. *Cf. United States v. Henningsen*, 387 F.3d 585, 591 (7th Cir. Oct. 15, 2004) (staying mandate in sentencing case while the Seventh Circuit awaited a ruling by the Supreme Court in *Booker*).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants David J. Burnett, Karen Bozung and M. Morris' Objection (Dkt. No. 55) is **DENIED**, the Report and Recommendation (Dkt. No. 54) is **ADOPTED**, and Defendants' Motion to Dismiss (Dkt. No. 30) is **DENIED**.

OK to e-file:

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    May 9, 2006  RICHARD ALAN ENSLEN
      SENIOR UNITED STATES DISTRICT JUDGE