UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATHANIEL PORTER,
a/k/a N. KALONJI OWUSU I,

        Plaintiff,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

Case No. 1:05-CV-562

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on the Objections of Plaintiff N. Kalonji Owusu I, formerly known as Nathaniel Porter, and the Objections of Defendant Dave J. Burnett to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of February 21, 2007. The Report in question recommended that the Court grant summary judgment to Defendants regarding all of Plaintiff's civil rights claims with the exception of his claim that Defendant Burnett violated his rights under the Religious Land Use and Institutionalized Persons Act (hereafter "RLUIPA"), 42 U.S.C. § 2000cc *et seq.* The Court now reviews the Report, the Objections and the pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

Defendants' underlying Motion for Summary Judgment sought summary judgment as to all claims brought by Plaintiff in his Amended Complaint. Under Federal Rule of Civil Procedure 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Further, the evidence

of the non-movant must be believed, and all justifiable inferences drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Federal Rule of Civil Procedure 56(c)). Moreover, affidavits must meet certain requirements:

> [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed. R. Civ. P. 56(e). The Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994).

Plaintiff's claim against Defendant Burnett concerns Burnett's denial of Plaintiff's request in January 2003 that he be allowed to purchase a replacement ankh cross, which Plaintiff says is the primary symbol of Plaintiff's religious beliefs and his practice of the religion of Kemetic Spiritual Science. (*See* Am. Compl. ¶¶ 20, 100-05 & 117.) Magistrate Judge Carmody initially determined

that the record supported that such a denial was in violation of RLUIPA. (Report & Recomm. 9.) Defendant Burnett makes two Objections to that determination: First, Defendant regards Egyptian Kemetic Science as a system of cultural belief which is not entitled to protection under RLUIPA or the First Amendment. *See Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972). While this is a possible defense that may be accepted at trial, Plaintiff has at least created a genuine issue of material fact by his verified Amended Complaint, which attests his practices to be religious in character. Accordingly, summary judgment cannot be granted on this issue.

Defendant's second objection is that because Defendants did not know that RLUIPA was constitutional under the Establishment Clause in 2003, he is entitled to qualified immunity for violations of the Act in 2003. *See Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006). This argument overlooks much of the history of the case of *Cutter v. Wilkinson*, 544 U.S. 709 (2005), the United States Supreme Court case which upheld the application of RLUIPA. That case began in the trial court (the Southern District of Ohio) with a determination that RLUIPA was constitutional because use of the Spending Clause power to require States receiving federal funds for the purpose of fostering free exercise of religion was consistent with past Spending Clause determinations of the Supreme Court, including *South Dakota v. Dole,* 483 U.S. 203, 206-07 (1987). *Gerhardt v. Lazaroff*, 221 F. Supp. 2d 827, 849 (S.D. Ohio 2002). This result was reversed by the Sixth Circuit Court of Appeals' decision in *Cutter v. Wilkinson*, 349 F.3d 257 (6th Cir. 2003), which was then reversed by the Supreme Court's 2005 decision. As determined by the Magistrate Judge, a prison official who acted in reliance on the Sixth Circuit decision between November 7, 2003 and May 30, 2005, should be entitled to qualified immunity given the uncertainty in the law created by the Sixth Circuit's intervening decision. However, the same cannot be said of actions taken prior to November

3

7, 2003. As of January 2003, the only pertinent legal authorities, the decisions in *Dole* and *Gerhardt*, and the holdings of the Western District of Michigan in *Johnson v. Martin*, 223 F. Supp. 2d 820, 824 (W.D. Mich. 2002) (J. Enslen) (citing *Chaudhuri v. Tenn.,* 130 F.3d 232, 237 (6th Cir. 1997)), the Eastern District of California in *Mayweathers v. Terhune,* 2001 WL 804140 (E.D. Cal. July 2, 2001) and the Eastern District of Pennsylvania in *Freedom Baptist Church of Delaware County v. Township of Middletown,* 204 F. Supp. 2d 857 (E.D. Pa. 2002), universally recognized the constitutionality of RLUIPA, consistent with the Supreme Court's later holding.

As such, the Court accepts the reasoning of the Magistrate Judge rejecting qualified immunity for acts committed by Defendant prior to the Sixth Circuit's later reversed *Cutter* decision. Contrary to the argument of the Defendant Burnett, state officials do not get a "free pass" on federal legislation until confirmed by decisions of the Sixth Circuit and Supreme Court. When the legislation itself is sound and specific in its directions and endorsed by district court decisions, the assessment of individual liability is consistent with the doctrine of qualified immunity.

At the same time, Plaintiff has challenged the balance of the Report for its recommendations of the grant of summary judgment against other claims brought by Plaintiff. The Court has reviewed each of those Objections at length and has determined that the adjudications recommended by the Magistrate Judge are correct. The Court supplements the Report in one respect, though. The verified Amended Complaint contains Plaintiff's sworn statement that he made a written request (not a grievance) to purchase an ankh cross which he believes was forwarded by someone else to Defendant Patricia Caruso at a time when she was assigned by policy the duty of reviewing such requests for religious items. (Am. Compl. ¶¶ 101-03, 108.) The wording of Plaintiff's verified statement about the passing of the request to Caruso indicates that he had no personal knowledge as

to whether Defendant Caruso ever received the request. (*Id.*)  Therefore, even assuming that non-action by Caruso could create a basis for liability, the evidence is insufficient as a matter of law to support the proposition that Caruso received the request.  As such, the dismissal of the claim against Defendant Caruso was proper.  *See Briggs v. Potter*, 463 F.3d 507, 512 (6th Cir. 2006) (rejection portion of affidavit not supported by personal knowledge); *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 927 (6th Cir. 1999) (same).

Partial Judgment shall enter denying the Objections, but granting Defendants' Motion for Summary Judgment except for Plaintiff's claims under the First Amendment, RLUIPA and 42 U.S.C. § 1983 against Defendant Dave J. Burnett for denial of Plaintiff's request to purchase an ankh cross.

DATED in Kalamazoo, MI:  
    March 26, 2007

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE