UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHANIEL PORTER,
a/k/a N. KALONJI OWUSU I,

        Plaintiff,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

Case No. 1:05-CV-562

Hon. Richard Alan Enslen

**ORDER**

Upon partial denial of summary judgment, this Court has had an opportunity to assess whether counsel should be appointed for Plaintiff N. Kalonji Owusu I pursuant to 28 U.S.C. § 1915(d). This Order is made *sua sponte* for the purpose of expediting this litigation. Because it is made *sua sponte*, the Court does invite any party interested in this matter to object to such appointment, which objections would be considered *de novo* after complete briefing.

Pursuant to 28 U.S.C. § 1915(d), an indigent civil rights claimant does not have a right to appointed counsel, but the district court nevertheless has discretion to appoint counsel. *Lavado v. Keohane*. 992 F.2d 601, 604-06 (6th Cir. 1993). Although appointment of counsel is limited to "exceptional cases," the district court must assess both the likelihood of success, the complexity and difficulty of the litigation, and the abilities of the plaintiff to represent himself. *See id.* So far, Plaintiff's remaining claim involving Defendant Dave Burnett's denial of his request to purchase an ankr cross has shown a significant chance of success on the merits. While this claim is a basic civil rights claims and is not complex, Plaintiff's filings, which are typical of indigent prisoner filings, demonstrate a need for appointment. This is particularly true since the denial of summary judgment

will require trial of the pending claim and, in the Court's experience, the indigent plaintiff's unfamiliarity with court procedures, the rules of evidence, and the rules of civil procedure, would make a trial of the merits both unfair to Plaintiff and would likely cause a waste of court resources were counsel not appointed (*e.g.,* the risk of mistrial is greatly increased when a jury trial is prosecuted by an indigent plaintiff without legal training).

**THEREFORE, IT IS HEREBY ORDERED** that this matter is referred to United States Magistrate Judge Ellen S. Carmody solely for the purpose of appointment of counsel and related procedural matters pursuant to the *Pro Bono* Plan of the United States District Court for the Western District of Michigan.  *See* W.D. Mich. Admin. Order Nos. 03-003 and 07-003.

**IT IS SO ORDERED**.

DATED in Kalamazoo, MI:   /s/ Richard Alan Enslen
April 16, 2007   RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE