UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHANIEL PORTER, a/k/a
N. KALONJI OWUSU I,

        Plaintiff,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

Case No. 1:05-CV-562

Hon. Richard Alan Enslen

**ORDER**

Plaintiff Nathaniel Porter, a/k/a N. Kalonji Owusu I, has moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Partial Judgment entered on March 26, 2007, dismissing Plaintiff's claims brought in this suit except for his claim that Defendant Dave J. Burnett violated 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc *et seq.*) by denying his request to purchase a replacement ankr cross.  On April 10, 2007 or thereafter, Plaintiff submitted to this Court in the mail a Motion to Alter/Amend Partial Judgment pursuant to Rule 59(e).[1]  He also submitted in the mail, on April 14, 2007 or thereafter, a Motion for Leave to File Out-of-Time Declaration in Support of Motion to Alter/Amend Partial Judgment.  Oral argument is unnecessary as to either *pro se* Motion.

Rule 59(e) contains a strict ten-day deadline for requesting alteration of a judgment. *See Almond v. ABB Indus. Sys., Inc.*, 56 Fed. Appx. 672, 680 (6th Cir. Jan. 22, 2003) (unpublished decision, rejecting untimely Rule 59(e) motion).  Exactly how strict is clear from Rule 6(b)(2), which

---

[1]This is the date of Plaintiff's Motion and the presumed date of mailing; the date of mailing is used as the filing date for a prisoner according to the holding in *Houston v. Lack,* 487 U.S. 266, 270 (1988).

lists Rule 59(e) motions as one of a select variety of motions which will not be permitted enlargement after the motion filing deadline has passed. *Wright v. Hickman*, 36 Fed. Appx. 395, 399 (10th Cir. June 4, 2002) (unpublished decision). In this case, Plaintiff's ten-day period expired on April 9, 2007, such that his filing was one day late. A three-day mailing extension under Rule 6(e) is not applicable to time periods commencing from the issuance of a partial judgment. *See FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 681-82 (6th Cir. 1999) and cases cited therein. As such, the Motions will be denied as untimely.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Nathaniel Porter, a/k/a N. Kalonji Owusu I's Motion to Alter/Amend Judgment and Motion for Leave to File Out-Of-Time Declaration in Support of Motion to Alter/Amend Partial Judgment (Dkt. Nos. 135 & 140) are **DENIED** as untimely.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    May 14, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |