UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL PORTER,

    Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                  Case No. 1:05-CV-562

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt. #126). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff asserts that he is an adherent of an ancient Egyptian religion known as Kemetic Spiritual Science. Plaintiff alleges that as part of his religious faith he legally changed his name to N. Kalonji Owusu I. Plaintiff asserts that prison officials nonetheless forced him to refer to himself by his former name in violation of his First Amendment right to freely practice his religion. Plaintiff asserts that he was retaliated against and denied store privileges for insisting on using (and being identified by) his new legal name. Plaintiff also alleges that Defendant Burnett unlawfully denied his requests to possess an ankh cross and participate in the Kosher meal plan in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

The Honorable Richard Alan Enslen subsequently dismissed all of Plaintiff's claims except for Plaintiff's First Amendment claims against Defendant Burnett and Plaintiff's claim that

Defendant Burnett violated his rights under the RLUIPA by denying his request to purchase an ankh cross. (Dkt. #118, 124-25). Plaintiff now moves for a preliminary injunction to "immediately allow Plaintiff to purchase and possess an ankh cross (necklace) as a religious item central to the practice of his ancient Egyptian beliefs."

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether Plaintiff is likely to prevail on the merits; (2) whether Plaintiff would suffer irreparable injury in the absence of an injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion").

While Plaintiff asserts that the possession of an ankh cross is essential to the practice of his religious faith, he has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy. The harms from which Plaintiff seeks relief are all remediable through the legal process. Plaintiff has likewise failed to establish that he will suffer irreparable harm in the absence of

injunctive relief.  Furthermore, while certain of Plaintiff's claims have thus far survived, Plaintiff has failed to establish that he is likely to prevail on the merits of such claims.  Accordingly, Plaintiff is not entitled to the relief sought.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, (dkt. #126), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  May 21, 2007         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge