UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL PORTER,
a/k/a N. KALONJI OWUSU, I,

       Plaintiff,                                    Case No. 1:05-cv-562

v.                                                HON. JANET T. NEFF

PATRICIA L. CARUSO, et al.,

       Defendants.
_____/

## OPINION

Plaintiff N. Kalonji Owusu I, formerly known as Nathaniel Porter, filed this prisoner civil rights action in August 2005, seeking injunctive relief and damages under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.*, for alleged violations of his First Amendment rights related to his practice of an ancient Egyptian religion known as Kemetic Spiritual Science.[1]  After lengthy pretrial proceedings, the case proceeded to a jury trial on two independent claims against Defendant Dave Burnett: (1) the denial of plaintiff's request to purchase and possess an ankh cross, and (2) the denial of his request for a kosher meal plan.  After a three day trial, the jury returned a verdict in favor of Defendant Burnett on both claims.

---

[1] Pursuant to Administrative Order No. 08-110, this case was reassigned to the undersigned on July 31, 2008 (Dkt 187).

Pending before the Court is plaintiff's Motion for Judgment as a Matter of Law and Motion for New Trial.  For the reasons that follow, the Court denies the motions.  These motions are being decided without oral argument.  *See* W.D. Mich. LCivR 7.3(d).

### I.  Motion for Judgment as a Matter of Law

Plaintiff requests that the Court enter judgment as a matter of law pursuant to FED. R. CIV. P. 50(b), to conclude that Defendant Dave Burnett, in his official capacity and acting under color of state law, violated plaintiff's First Amendment right to express his religious beliefs by denying plaintiff's request (1) to purchase and possess an ankh cross, and also (2) to eat a kosher diet. Plaintiff contends that there is simply no basis upon which a reasonable jury could find that plaintiff's constitutional rights were not violated.

In considering a post-trial motion under Rule 50(b), the Court must view the evidence in a light most favorable to the nonmovant, and that party must be given the benefit of all reasonable inferences.  *K & T Enterprises, Inc. v. Zurich Ins. Co.,* 97 F.3d 171, 176 (6th Cir.1996).  A motion for judgment as a matter of law should be granted if reasonable minds could only come to a conclusion in favor of the movant.  *Id.*; *Radvansky v. City of Olmsted Falls,* 496 F.3d 609, 614 (6th Cir. 2007).  When reviewing a motion for a judgment as a matter of law based on insufficiency of the evidence, the court may not reweigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury.  *Id.; K & T Enterprises*, 97 F.3d at 175-176.

Plaintiff argues that he is entitled to judgment as a matter of law because an examination of the elements of his claims regarding the ankh cross and the kosher meal plan shows that the claims could only be decided in plaintiff's favor.  The Court disagrees.  Viewing the evidence in a light

most favorable to defendant and giving defendant the benefit of all reasonable inferences, as is required, the Court concludes that the jury verdict must stand.

The First Amendment claims submitted to the jury required plaintiff to prove that (1) his religious belief was sincerely held, and (2) defendant's behavior had infringed upon this belief or practice.[2] These elements applied to both the ankh cross claim and the kosher meal claim.

## A. Ankh Cross

With regard to sincerity, plaintiff argues that defendant offered no facts that reasonably placed plaintiff's sincerity in question. Plaintiff asserts that given plaintiff's lengthy testimony about his religious beliefs, the ankh, and its place within his religious practice, there exists no controverted fact upon which the jury could reasonably decide that plaintiff was not sincere in his belief in the religious nature of the ankh or the rituals involved.[3]

However, as defendant points out, the jury was instructed as a matter of law that it was not required to accept testimony, even though the testimony was uncontradicted and the witness was not impeached:

> You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the

---

[2] Plaintiff was also required to prove that the belief or practice he sought to protect was religious in his own scheme of things; however, defendant conceded in closing argument that plaintiff had established this element. Thus, this element is not at issue. Further, the Court ruled in favor of plaintiff with regard to additional elements following plaintiff's motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50(a).

[3] The Court notes that although the trial testimony is referenced by the parties in their argument on the motion, a transcript of the trial testimony has not been provided. The Court therefore addresses the parties' arguments and assertions concerning the trial testimony as presented in their briefs.

>    witness's testimony, or for other reasons you find sufficient, that such testimony is
>    not worthy of belief.

W.D. Mich. Standard Civ. Jury Instr., CV 2.08C.

The parties do not dispute that the issue of sincerity was within the province of the jury. "Whether religious beliefs are sincerely held is a question of fact." *Mosier v. Maynard,* 937 F.2d 1521, 1526-27 (10th Cir. 1991). A plaintiff's beliefs are sincere if they are "'truly held and religious in nature.'" *Id.* at 1526 (quoting *Martinelli v. Dugger,* 817 F.2d 1499, 1504 (11th Cir. 1987)).

Defendant asserts that plaintiff testified that he needed the ankh cross to hold it to his nose to inhale its essence; however, plaintiff had in his possession other ankh crosses, but did not testify that he attempted the ritual with those other ankh crosses. Plaintiff acknowledges that defendant argued in closing argument that plaintiff would have at least tried to perform his ritual with his ankh earring or hobby craft ankhs.[4] Plaintiff counters, however, that he testified that these other items were not appropriate for religious use and were not "religious" items.

The parties' contentions bear out that the sincerity of plaintiff's belief was in dispute. The jury was free to question plaintiff's veracity and whether his religious beliefs were sincerely held based on his testimony and demeanor while testifying. Given the testimony and evidence, the Court cannot conclude that the issue of plaintiff's sincerity could not be decided in favor of defendant.

Likewise, with regard to the element of infringement, the Court concludes that this issue was disputed and was properly left for a determination by the jury. Plaintiff argues that the Court ruled as a matter of law that defendant could not demonstrate a valid rational connection between his

---

[4] Defendant further argued in closing argument that plaintiff's sincerity was questionable because plaintiff was identified with a different religious group from 1993 to 2000, even though he testified he became serious about the Kemetic Spiritual Science religion in 1993.

decisions and any governmental interest; thus, it defies logic for the jury to conclude that defendant's actions prohibiting plaintiff "from engaging in these religious practices" did not infringe on plaintiff's religious practice. (Pl. Br. 7) However, it was defendant's contention at trial that he did not infringe upon plaintiff's beliefs because plaintiff had access to other ankh crosses and could have performed his "ritual" with these smaller ankhs. Defendant emphasized that plaintiff did not state that he tried that. Given the arguments and the evidence at trial, the Court is persuaded that reasonable minds could decide that defendant's behavior did not infringe on plaintiff's belief or practice.

The elements of sincerity and infringement presented questions on which reasonable minds could find in favor of defendant. Accordingly, plaintiff's motion for judgment as a matter of law fails with regard to the ankh cross claim.

### B. Kosher Meal Claim

For similar reasons, the Court concludes that plaintiff is not entitled to judgment as a matter of law with regard to his kosher diet request. Defendant raised sufficient questions concerning the elements of sincerity and infringement, based on the testimony and other evidence, to preclude judgment as a matter of law on this claim.

Plaintiff argues that defendant cannot point to anything to counter plaintiff's evidence that his diet request was religious in nature, that it was sincerely held, and that defendant's denial of the kosher diet infringed by "logical necessity" on plaintiff's religious practice. However, the same reasoning discussed above with respect to the ankh cross claim also applies to the sincerity element of plaintiff's kosher meal claim. Defendant argued in closing argument that whether plaintiff had a sincerely held religious belief that he keep kosher was subject to question since (1) plaintiff stated

5

that he became serious about the Kemetic Egyptian Science in 1993; (2) it was not until 2004 that he decided to ask for a kosher diet; (3) he did not make a further request for that diet; and (4) he does not now want that diet.

Defendant argued, moreover, that plaintiff testified that his ultimate goal was a strict vegetarian diet consistent with his religious belief, and that plaintiff had not sufficiently explained how the kosher diet fit into his goal of strict vegetarianism, since the kosher diet includes meat. Defendant noted that even though plaintiff claimed that the kosher diet was a bridge to his ultimate goal, defendant failed to see the connection. Further, with regard to the instant motion, defendant argues that the jury could have found that it was not defendant's actions that resulted in the denials, but instead plaintiff's insufficient requests for accommodation or that defendant was simply following required policy that he had no involvement in creating.

Considering the evidence and arguments, the Court cannot conclude that a finding in favor of defendant was foreclosed. *See K & T Enterprises*, 97 F.3d at 176. Moreover, the issues of sincerity and infringement hinged in part on matters of witness credibility given that both plaintiff and defendant testified. As noted above, when reviewing a motion for a judgment as a matter of law, the court may not evaluate the credibility of witnesses or substitute its judgment for that of the jury. *Radvansky,* 496 F.3d at 614*; K & T Enterprises*, 97 F.3d at 175-176.

## II.  Motion for New Trial

In the alternative, plaintiff seeks a new trial under FED. R. CIV. P. 59. Unlike motions for a judgment as a matter of law, in ruling on a motion for new trial, the trial court must weigh the evidence and compare the opposing proofs. *Woodbridge v. Dahlberg,* 954 F.2d 1231, 1234 (6th Cir. 1992). Nonetheless, the motion should be denied if the verdict is one that reasonably could have

been reached, regardless whether the trial court might have reached a different conclusion as the trier of fact. *Walker v. Bain,* 257 F.3d 660, 670 (6th Cir. 2001); *Powers v. Bayliner Marine Corp.,* 83 F.3d 789, 796 (6th Cir. 1996). Generally, "a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.,* the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio,* 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citations omitted); *accord Mike's Train House, Inc. v. Lionel, L.L.C.,* 472 F.3d 398, 405 (6th Cir. 2006).

Plaintiff argues that he is entitled to a new trial on both the ankh claim and the kosher diet claim because the jury verdict was against the great weight of the evidence and constitutes a seriously erroneous result. The Court disagrees. Even weighing the evidence, which consisted in large part of plaintiff's testimony, the Court cannot conclude that a new trial is warranted. Defendant presented contrary evidence, including his own testimony. Further, although plaintiff's testimony was extensive, as defendant points out, the jury was free to consider the witnesses' demeanor and bearing in weighing their testimony, and the jury could have found plaintiff's testimony unconvincing on the disputed issues. Although this is a closer call than judgment as a matter of law, the Court concludes that the jury's verdict was not against the great weight of the evidence or a "seriously erroneous" result.

### III. Conclusion

The Court observes that this case involved extensive proceedings and an ultimate determination by a jury whether plaintiff's claims presented at trial were meritorious under the

applicable law. Plaintiff's case was well-presented to the jury. The Court finds no basis for overturning the verdict rendered under FED. R. CIV. P. 50(b) or FED. R. CIV. P. 59.

Plaintiff's Motion for Judgment as a Matter of Law, or in the alternative, Motion for a New Trial are denied. An Order consistent with this Opinion will be entered.


DATED: February 6, 2009                  /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL PORTER,
a/k/a N. KALONJI OWUSU, I,

    Plaintiff,                                    Case No. 1:05-cv-562

v.                                                 HON. JANET T. NEFF

PATRICIA L. CARUSO, et al.,

    Defendants.
_____/

## ORDER

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law and Motion for New Trial (Dkt 224) are **DENIED**.

DATED: February 6, 2009                /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge