UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL PORTER, also known as
N. KALONJI OWUSU, I,

      Plaintiff,                                  Case No. 1:05-cv-562

v.                                                   HON. JANET T. NEFF

PATRICIA L. CARUSO, et al.,

      Defendants.
_____/

**OPINION**

Plaintiff N. Kalonji Owusu I, formerly known as Nathaniel Porter, filed this prisoner civil rights action in August 2005, seeking injunctive relief and damages under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act for alleged violations of his First Amendment rights related to his practice of an ancient Egyptian religion known as Kemetic Spiritual Science.[1] Plaintiff initially proceeded pro se, but in April 2007, was appointed pro bono counsel (Dkt 142). After lengthy pretrial proceedings, the case proceeded to a jury trial in October 2008.

During trial, based on the parties' prior stipulation to resolve plaintiff's claim that he was entitled to possess an ankh cross, the Court granted plaintiff's claim for injunctive relief in an order issued October 9, 2008 (Dkt 219). Trial proceeded on two independent claims against Defendant Dave Burnett: (1) denial of plaintiff's request to purchase and possess an ankh cross, and (2) the

---

[1] Pursuant to Administrative Order No. 08-110, this case was reassigned to the undersigned on July 31, 2008 (Dkt 187).

denial of his request for a kosher meal plan.  After a three-day trial, the jury returned a verdict in favor of defendant Burnett on both claims.

Plaintiff filed a Motion for Judgment as a Matter of Law and Motion for New Trial, which the Court denied in an opinion and order issued February 6, 2009 (Dkt 234).[2]  On March 9, 2009, plaintiff, acting pro se, filed a notice of appeal of the October 10, 2008 Judgment to the Sixth Circuit Court of Appeals (Dkt 239).  On April 3, 2009, the magistrate judge entered an order discharging plaintiff's pro bono counsel (Dkt 245).

Pending now before the Court are the parties' separate motions filed by counsel to tax costs (Dkts 226, 232).  Additionally, plaintiff, now again acting pro se, on April 16, 2009 filed an Amended Motion for Taxation of Costs (Dkt 246).[3]  After consideration of the parties' motions and briefs, and the extensive proceedings and outcomes in this case, the Court grants Defendant's Motion to Tax Costs, and the Court grants in part, and denies in part, Plaintiff's Motion to Tax Costs.  The Court denies Plaintiff's Amended Motion for Taxation of Costs.

I.  Entitlement to Costs

Both parties have moved for costs pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920. The Court has authority to tax costs against a party pursuant to Rule 54(d) and § 1920, which specifies the costs that may be taxed.  Rule 54(d) provides: "Unless a federal statute, these rules, or

---

[2] In February 2009, plaintiff also filed a Motion for Enforcement of Judgment of Specific Relief concerning the parties' agreement to allow plaintiff to purchase and possess an ankh cross (Dkt 235).  Defendant filed a Response, but plaintiff's motion was withdrawn on April 1, 2009, after the matter was resolved by the parties.

[3] Defendant has not objected to plaintiff's amended motion, and for purposes of a full consideration of the award of costs, the Court will address the matters raised in plaintiff's pro se amended motion.

2

a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1); *see also Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001). This language creates a presumption in favor of awarding costs, but the trial court has the discretion to deny costs. *Singleton, supra*.

"The fact that a party succeeds on the claims presented does not necessarily mean that full costs will be recovered," and "the general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action." 10 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2667 at 208-09 (3d ed. 1998). Moreover, a party who is only partially successful can be deemed a prevailing party. *Id.* at 212.

### A.  Defendant's Motion to Tax Costs

Defendant has filed a Motion to Tax Costs pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920 and has provided supporting documentation for the costs requested. Plaintiff has not objected to these costs. The Court concludes that as a prevailing party on the issues submitted to the jury, defendant is entitled to recover the requested costs of $1,002.75, which includes deposition and transcript costs of $861.75, copying costs of $121.00, and docket fees of $20.00 pursuant to 28 U.S.C. § 1923. Defendant is therefore entitled to total costs of $1,002.75.

### B.  Plaintiff's Motion to Tax Costs

Plaintiff, through his trial counsel, filed a Motion to Tax Costs on the grounds that he is the prevailing party on the matter of plaintiff's ankh cross claim for injunctive relief, which resolved plaintiff's claim that he was entitled to purchase and possess an ankh cross. Defendant has not entered an objection to the costs requested.

Consent decrees involving voluntary agreement can support a determination that a party prevailed. *Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 836 (6th Cir. 2005). "[F]or a party to be 'prevailing' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 605 (2001)).

In this case, plaintiff prevailed in part on the claims asserted in his lawsuit, pursuant to the partial agreement reached by the parties and the Court's further ruling and order granting plaintiff's request for injunctive relief (Dkt 219). The Court concludes that based on these circumstances, plaintiff is therefore a "prevailing party" for purposes of awarding costs.

Plaintiff's initial Motion to Tax Costs (Dkt 232) seeks costs in the total amount of $1,108.67, consisting of a filing fee of $275.00, deposition and transcript costs of $693.77, legal copies of $65.45, and postage of $74.45. Plaintiff has submitted documentation supporting the asserted costs. However, because postage costs are not recoverable under § 1920, the requested costs of $74.45 for postage are denied. Additionally, shipping and handling costs are not recoverable; thus, $15.99 of the $231.27 deposition and transcript costs is denied. Further, according to court records, the filing fee required to be paid by plaintiff at the time this action was filed in 2005 was $250.00, rather than $275.00, and thus, the Court awards a filing fee cost of only $250.00. Plaintiff is therefore entitled to total costs of $993.23, consisting of the $250.00 filing fee, $677.78 in deposition and transcript costs, and $65.45 in legal copies costs.

C. Plaintiff's Amended Motion for Taxation of Costs

In Plaintiff's Amended Motion for Taxation of Costs (Dkt 246), filed pro se, plaintiff asserts that since he is the prevailing party pursuant to the stipulated injunctive relief, he is entitled to all

costs he incurred in bringing this action. Plaintiff cites "MCL 28.2802," however, the Court finds no such authority under Michigan law. Regardless, "[t]he award of costs is governed by federal law." FEDERAL PRACTICE AND PROCEDURE, *supra,* § 2668 at 251; *see also Humann v. KEM Elec. Co-op., Inc.,* 497 F.3d 810, 813 (8th Cir. 2007) ("The award of costs in federal court is governed by Rule 54(d), rather than by state law that conflicts with Rule 54.") Thus, plaintiff's reliance on state law is misplaced.

Plaintiff also asserts that despite the fact that he lost his damage claims pursuant to trial, the Court may not apportion costs between the parties. Plaintiff cites no authority for this proposition. As a general matter, plaintiff's assertion is incorrect under federal law. "The fact that a party succeeds on the claims presented does not necessarily mean that full costs will be recovered … ." FEDERAL PRACTICE AND PROCEDURE, *supra,* § 2667 at 208. "For example, the general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action." *Id.* at 208-09. Further, where a claimant who has obtained partial relief is considered a prevailing party, the court may apportion costs among the parties. *Id.* at 210-17. Under the circumstances of this case, and having worked with the parties at length to resolve the disputed issues, the Court concludes that the award of costs to plaintiff is properly set off against the award of costs to defendant.

Plaintiff further asserts that since the filing of his original motion to tax costs, he has continued to incur expenditures regarding this case. Plaintiff cites no authority for the taxation of these additional costs, and no documentation of the costs is provided. In any event, the Court declines to award any such additional costs in light of the Court's award of costs requested in

plaintiff's original motion and the ultimate outcome of this case, in which the jury decided in favor of defendant Burnett.

Plaintiff also states that according to the current docket sheet he received for this case, he paid more for the filing fee than was requested in his original motion, and he is therefore entitled to the difference of $25.79. Although the docket sheet did reflect payment of $295.79 by plaintiff for the filing fee, a review by the Clerk's office revealed an erroneous credit to plaintiff's account for a payment in an unrelated case (payment of $17.86 on April 27, 2006) and also a math error on April 27, 2006, when an installment payment was added to the total paid. After correction of the recording errors, the filing fee amount in fact paid by plaintiff was $250.00. The docket sheet has been corrected to show the proper amount paid. Thus, plaintiff is not entitled to additional costs for the filing fee.

Finally, as stated above, postage costs are not taxable. Thus, plaintiff is not entitled to additional postage costs of $8.51.

Given the above considerations, the additional costs of $54.20, requested in Plaintiff's Amended Motion for Taxation of Costs, are denied.

## II. Conclusion

Based on the foregoing, Defendant's Motion to Tax Costs of $1,002.75 (Dkt 226) is granted. Defendant is therefore awarded costs of $1,002.75, assessed against plaintiff.

Plaintiff's Motion to Tax Costs (Dkt 232) is granted in part and denied in part. Plaintiff is awarded costs of $993.23, to be set off against the costs awarded to defendant. Plaintiff's Amended Motion for Taxation of Costs (Dkt 246) is denied.

Plaintiff's Motion for Costs requests that costs awarded for depositions and transcripts be paid directly to plaintiff's counsel and that the costs for the filing fee and legal copies be paid to plaintiff.  Because costs have been awarded to both parties in the nature of a set-off, the request for separate payment to plaintiff and plaintiff's counsel is moot.  The net amount due to defendant of $9.52 shall be paid by plaintiff to defendant.

A Judgment for Costs consistent with this opinion will be entered.


DATED: April 30, 2009                 /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL PORTER, also known as
N. KALONJI OWUSU, I,

      Plaintiff,                               Case No. 1:05-cv-562

v.                                             HON. JANET T. NEFF

PATRICIA L. CARUSO, et al.,

      Defendants.
_____/

## JUDGMENT FOR COSTS

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendant's Motion to Tax Costs (Dkt 226) is GRANTED, and defendant is awarded costs in the amount of $1,002.75.

**IT IS FURTHERED ORDERED** that Plaintiff's Motion to Tax Costs (Dkt 232) is GRANTED in part and DENIED in part, and plaintiff is awarded costs in the amount of $993.23.

**IT IS FURTHERED ORDERED** that Plaintiff's Amended Motion for Taxation of Costs (Dkt 246) is DENIED.

Judgment is hereby entered in favor of Defendant and against Plaintiff in the net amount of $9.52.

DATED: April 30, 2009                    /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge