UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHANIEL PORTER #129599, also known as
N. KALONJI OWUSU, I,

        Plaintiff,                            Case No. 1:05-cv-562

v.                                       HON. JANET T. NEFF

PATRICIA L. CARUSO et al.,

        Defendants.

_____/


**MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion for Relief from Judgment (Dkt 262) pursuant to FED. R. CIV. P. 60(b)(1) and (d)(1), in which plaintiff seeks amendment of this Court's Judgment for Costs (Dkt 254). Plaintiff contends that the Court "abused its discretion by conferring upon the defendant the status of 'co-prevailing party.'" Plaintiff asserts that he was the only prevailing party in this matter, and thus, the Court committed clear legal error in awarding costs to defendant Dave Burnett.

Rule 60(b)(1) provides for relief from judgment on the basis of "'mistake, inadvertence, surprise or excusable neglect'" and governs instances where the mistake was based upon legal error.[1]

---

[1] "'[A] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal.'" *Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 133 (6th Cir. 2007) (citation omitted). Plaintiff's motion appears to be untimely under this rule; regardless, the motion fails on the merits. Rule 60(d) permits a plaintiff to maintain an independent action and has no particular application to the relief requested.

*Okoro v. Hemingway,* 481 F.3d 873, 874 (6th Cir. 2007) (quoting FED. R. CIV. P. 60(b)(1)). Plaintiff

has failed to show any such error.

The Court has reviewed plaintiff's allegations of error and finds no basis for amending the

Judgment for Costs, which was based on a detailed Opinion by the Court, after full consideration

of the briefs from counsel for each party as well as a subsequently-filed pro se brief filed by plaintiff.

Defendant prevailed on the claims that proceeded to a verdict in this matter. "Usually the litigant

in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." 10

WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2667, p. 204 (3d ed. 1998)

(footnote omitted). "[I]t has been held that costs may be awarded to a prevailing defendant in a

civil-rights action even though the suit was brought by an indigent prisoner because of the need to

discourage frivolous claims and treat all litigants alike …." *Id.* at 210-12.

Having presided over this case through trial and a verdict in favor of defendant Burnett, the

Court determined that defendant was entitled to costs as a prevailing party, but permitted an offset

of costs awarded to plaintiff on the grounds that he prevailed on his ankh cross claim for injunctive

relief. Plaintiff cites no authority mandating a different result. There was no issue of attorney fees,

and thus plaintiff's citation to case law concerning the award of expenses in conjunction with

attorney fees is not controlling.

Plaintiff further argues that the Court erred in declining to award additional costs not

specified in his original motion filed by counsel, including $82.96 for "legal postage," $20.00 for

telephone expenses, and an additional $4.90 for "legal postage" (previously categorized by plaintiff

as legal "copies" (Dkt 246)). The Court has considered plaintiff's allegations of error but finds no

sound basis for altering its previous apportionment of costs awarded in this case based on the claims

and outcome. Telephone and postage expenses are not taxable as costs pursuant to 28 U.S.C. § 1920. *King v. Gowdy,* 268 Fed. Appx. 389, 392 (6th Cir. 2008) (citing *Northcross v. Bd. of Ed. of Memphis City Schs.,* 611 F.2d 624, 639 (6th Cir.1979) and *Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir.1996)).

An Order consistent with this Opinion will be entered.


DATED: January 26, 2010                       /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge